GEORGE L. BARBER AND JOYCE I. BARBER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Barber v. Commissioner
Docket No. 24302-86
United States Tax Court
T.C. Memo 1991-301; 1991 Tax Ct. Memo LEXIS 347; 62 T.C.M. (CCH) 66; T.C.M. (RIA) 91301; July 3, 1991, Filed *347 Decision will be entered for respondent. John N. Moore, for the petitioners.
James D. Hill, for the respondent. DAWSON, Judge. PETERSON, Chief Special Trial Judge. DAWSON; PETERSON
MEMORANDUM FINDINGS OF FACT AND OPINION This case has been assigned to Chief Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7443A(b) and Rules 180, 181 and 182. All section references are to the Internal Revenue Code, as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the Chief Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PETERSON, Chief Special Trial Judge: Respondent determined deficiencies in petitioners' Federal income taxes and additions to tax as follows: Additions to Tax
Section
Section
Section
Year
Deficiency
6653(a)(1)
6653(a)(2)
6659(a)
1981
$ 15,263.45
$ 763.17
*
$ 4,500
1982
2,015.37
100.77 **
-- *348 After concessions by petitioners, the only issue remaining for decision is whether petitioners are liable for the addition to tax for negligence for the years 1981 and 1982. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and accompanying exhibits are incorporated herein by this reference. Petitioners resided in Strongsville, Ohio, when the petition in this case was filed. The parties have also stipulated the record in the case of . In Rybak the Court found that investments in the same master recording program present in the instant case were devoid of economic substance and were entered into solely for the income tax benefits. Accordingly, the investments were disregarded for income tax purposes. During 1981, petitioners formed a joint venture to invest in a certain master recording lease, described in detail in The joint venture, through Structured Shelters, Inc. (SSI), leased a master recording entitled "Playhouse Presentation of the Last of the Mohicans 1878" from Oxford Productions Corporation (Oxford) *349 for a period of 8 years. The joint venture also entered into a record distribution agreement with Aim Record Distribution, Inc. (Aim). Petitioners acquired a 60-percent interest in the joint venture. The master recording was primitive, of very poor quality, and clearly substandard to records sold in the customary retail market. Because of its poor quality, it was highly unlikely that there would ever be a market for records produced from the master recording leased by the joint venture. The lease agreement with Oxford required an advance rental payment of $ 10,000. In addition, the joint venture was required to pay $ 2,000 to Aim for each lease under the distribution agreement. Petitioners contributed $ 3,750 in cash to the joint venture and signed a note due in June 1982 for an additional $ 3,750. Based on their interest in the joint venture, petitioners' share of the investment credit property and investment credit totalled $ 150,000 and $ 15,000, respectively. Petitioners claimed $ 14,875 of the investment credit on their 1981 tax return. George Barber is a Government accountant for NASA and Joyce Barber is a salesperson. At the time of their investment in the joint *350 venture, petitioners had no background in or knowledge of the record business. Petitioners did not consult with anyone with experience in the record industry to determine the value of the master recording prior to their investment in the joint venture. Petitioners did not review any appraisals of the master recording. Petitioners generally discussed the investment with an accountant and an attorney friend. Neither the accountant nor the attorney had any experience in the record business. Petitioners' decision to invest in the joint venture was based on the promised tax benefits and not on any advice that the investment presented a good business opportunity. Neither petitioners nor the joint venture made any investigation of Aim or Oxford to determine the experience and standing of these companies in the record business. They did not examine the lease or the distribution agreements concerning the master recordings and accepted all provisions without comment or negotiation. No meaningful financial analysis was made for the investment. OPINION Petitioners have conceded that the investments in the master recording had no economic substance and were made to obtain income tax benefits. *351 They have conceded the adjustments and additions to tax set forth in the notice of deficiency, except they argue that they are not liable for the addition to tax for negligence under section 6653(a). Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Petitioners contend that they are not liable for the addition to tax for negligence because they made an adequate investigation of the investment and discussed the investment with an accountant and an attorney. We agree that reliance on the advice of professionals may defeat a finding of negligence under certain circumstances. . See . Petitioners have the burden of proof to show that they were not negligent. . As above stated, we agree that where a taxpayer relies on experienced professionals the addition to tax for negligence will generally not be imposed. *352 However, in this case petitioners knew that their attorney and the accountant did not have any experience in the record business. No evidence was presented to show that petitioners made any meaningful investigation or financial analysis of the master recording investment. Neither petitioners nor the joint venture made any attempt to independently verify the background of Oxford or Aim, or to determine the quality of the master recording, or whether there was a bona fide and viable record sales distribution program. Petitioners did not bother to listen to or examine the recording involved. Under these circumstances, we do not believe that petitioners would have invested in an unfamiliar business venture with such a cursory investigation on their part except to obtain the substantial tax benefits involved. To the extent that petitioners' investment in the joint venture was based on the advice of the attorney and accountant, it was unreasonable based on their lack of expertise in the master recording business. See . Accordingly, under the facts of this case, we find that petitioners are liable for the addition *353 to tax for negligence under section 6653(a) for each of the years involved. Decision will be entered for the respondent. Footnotes
*. 50 percent of the statutory interest on $ 15,263.45 ** 50 percent of the statutory interest on $ 2,015.37↩